Opinion
SAETA, J.
Defendant and cross-complainant Chew (hereinafter defendant) appeals from a judgment in plaintiff’s favor on the complaint and cross-complaint. Plaintiff sued in a two-count first amended complaint sounding in negligence and conversion and relating to gold delivered to defendant for heat treating. Defendant answered and filed a cross-complaint which plaintiff answered. The action was filed in the Municipal Court for the Los Angeles Judicial District of Los Angeles County after January 1, 1978, and thus became subject to the Rules for Trial Courts in Pilot Project for Economical Litigation (hereinafter ELP) California Rules of Court, rules 1701-1751. Plaintiff filed a statement listing witnesses and evidence under rule 1721. Defendant failed to do so although the at-issue memorandum which defendant’s attorney received stated, in easily read type: “All Parties Should Be Familiar With the Rules for Trial Courts in Pilot Project' for Economical Litigation (California Rules of Court, Rules 1701 and Following).” The plaintiff’s statement was not sent by the court to defendant because under rule 1723: “The court shall not transmit a statement to a party who has not filed a statement of his own.”
At trial plaintiff presented his evidence and rested but objected to defendant and his wife testifying; the objection was based on rule 1725. That rule reads as follows: “At trial, for purposes other than impeachment, a party shall call no witnesses except the adverse party and those persons disclosed by it pursuant to rule 1721 and shall introduce no physical evidence or documents not identified pursuant to rule 1721. However, the court may, upon such terms as may be just, for any of the causes specified in section 473 of the Code of Civil Procedure, permit a party to introduce evidence not otherwise permitted by this rule. If such relief is granted, the adverse party is entitled to a continuance to meet the new evidence and is entitled to meet the new evidence by evidence not disclosed in its statements. Nothing in this rule limits the introduction of *Supp. 16 evidence in any hearing pursuant to section 585 of the Code of Civil Procedure.”
The trial court sustained the objection, defendant made an offer of proof and rested, and the court gave judgment for the plaintiff. Defendant’s offer of proof was as follows:
“The parties stipulated to the fact that if the defendant were called to the stand, he would testify to the uncontroverted fact that: (1) No oral representation was made by the plaintiff to the defendant of the gold content of the gold delivered to the defendant and (2) the defendant never had actual knowledge of the specific content of the gold but did know it was in fact gold.
“The defendant through counsel made an offer of proof that the defendant and his wife would testify that the plaintiff Davis advised them upon turning the gold over to them for processing that he would take full responsibility for the results of the work to be done, by reason of the fact that he was in a hurry, and needed the softening of the gold to be done immediately. . . .”
Defendant attacks the procedure used under the ELP as inherently unfair and depriving him of due process and in violation of rule 1725. The ELP being so new, no appellate case has been reported construing it. Rule 1725 was adopted by the Judicial Council pursuant to Code of Civil Procedure sections 1825.1 to 1825.3 and the general grant of rule-making power in Code of Civil Procedure section 1823.4. In Code of Civil Procedure section 1823 the Legislature found a need to develop simplified procedures to reduce the expense of litigation. The statement listing witnesses and evidence was designed to compensate for the elimination of discovery for ELP cases. An apt analogy can be made to sanctions for failing to give discovery. In Unger v. Los Angeles Transit Lines (1960) 180 Cal.App.2d 172, 186-188 [4 Cal.Rptr. 370, 5 Cal.Rptr. 71] a litigant claimed denial of due process in the striking of its answer for failure to answer interrogatories. The Court of Appeal stated that the California procedures for sanctions did not violate due process. Accordingly, we hold that the ELP rules for enforcing the substitute for discovery, that is to say, the statement listing witnesses and evidence, do not deprive the defendant of constitutional due process.
Defendant asserts that the trial judge should have given him relief from his failure to file a statement of witnesses and evidence as is *Supp. 17 authorized under rule 1725. However, the record shows that defendant never asked the court for such relief nor showed, pursuant to Code of Civil Procedure section 473, any grounds of mistake, inadvertence, surprise or excusable neglect. Absent any such request and showing, the trial court had no grounds to relieve defendant of his default.
Defendant’s last claim is that rule 1725 does not prohibit impeaching evidence. Generally, impeaching evidence is an attack on the credibility of a witness, here the plaintiff, rather than contradictory evidence introduced by the proponent in an attempt to persuade the trier of fact of the merit of his views. Evidence Code section 780 sets forth many ways to attack credibility. With the possible exception of the application of Evidence Code section 780, subdivision (i), none of the defendant’s offered evidence is an attack on plaintiff’s credibility. That exception relates to “the existence or nonexistence of any fact testified to by him.” If in fact plaintiff had testified contrary to what defendant offered to prove, such proof might be considered impeaching. But the record presented to us for review does not state what the testimony of plaintiff was. Thus we cannot determine whether defendant’s offer of proof would show the nonexistence of any fact testified to by the plaintiff.
Further, to allow a defendant or a cross-defendant to evade the requirements of rule 1721 by offering all evidence as “impeaching” would effectively nullify an essential element of the ELP. We would hesitate to give such a broad reading to the exclusion of impeaching evidence from the operation of rule 1721, especially in light of Code of Civil Procedure section 1825.1, subdivision (b). Under that statute a party is not required to identify evidence “which he will use only for impeachment.” (Italics added.) The defendant’s evidence basically went to the defendant’s version of the transaction rather than to the credibility of the plaintiff and, as such, was not “only for impeachment.”
The judgment is affirmed.
Respondent to recover his costs of appeal.
Cole, P. J., and Dowds, J., concurred.